Green, J.
delivered the opinion of the court.
This bill is brought to divest the title to the one hun- - dred and twenty-seven acres of land, mentioned in the pleadings, out of the defendant, and vest it in the complainant.
It is very clear, that were Mayfield seeking a recovery of this land from the defendant, he would not he heard. He has already obtained grants for the full quantity of land to which he was entitled, by virtue of his warrant. The attempt to appropriate a larger number of acres, by virtue of that warrant, than the quantity it called for, was most fraudulent. Although, therefore, his other entries are younger than the one for one hundred and sixty acres, yet as grants have issued upon them, by which, together with the thirty-three acres of' the one hundred and sixty, he acquired as much land as he was entitled to have, he could not, in conscience, ask for more.
But the case before us differs widely from the one which would have been presented, had Mayfield continued the owner of the one hundred and sixty acres.
On the 10th day of May, 1823, the one hundred and sixty acres was sold to the complainant, and Mayfield’s bond for a title was executed. At that time he had a clear and undisputed right to the one hundred and sixty acres, and was entitled to have a grant for the same. His subsequent fraud, in procuring grants to issue upon younger entries, whereby his warrant was exhausted, could not prejudice a bona fide purchaser for a valuable consideration, who had acquired his title before it was affected by such fraud.
But it is alleged, that the complainant is a mere volunteer, and is in no better situation than Mayfield would have *45 been, had he brought the suit; that the decree by which Mayfield’s title was vested in'the complainant, is no evidence between these parties, that the complainant paid to Mayfield any consideration for the land; and, therefore, he must suffer all the consequences of Mayfield’s fraud.
The record of the suit between the complainant and Mayfield, is proper evidence in this cause, of the facts which it proves. It shows a decree in favor of the complainant, founded upon a bo'nd executed to him by May-fiield, acknowledging the receipt^Of $980 dollars for this land, and conditioned to make complainant a title for the same. Surely this will be regarded as prima facie evidence that the consideration was paid. It is not conclusive evidence of that fact; but it is enough to throw the burthen of proof upon those who dispute it. Starkie, 4th part, 1284. Let the decree be affirmed.
Decree affirmed.